IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jack Logan, | ) | C/A No. 6:16-cv-02348-TMC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, proceeding *pro se*, brings this civil action asserting a claim under 28 U.S.C. § 1331. The plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint is subject to summary dismissal.

## BACKGROUND

The plaintiff appears to allege a federal question concerning the passage of Referendum 2A and 2B on November 5, 1996 (doc. 1 at 3). He states that the referendum allowed a person convicted of a felony to hold public office 15 years after the conviction (*id*.). He believes the referendum should have included people who were convicted of a crime related to the public office to which they were elected (*id*.). He references a Greenville County Council candidate who, he alleges, was convicted of corruption (*id*.). The plaintiff also states that such people should be banned from holding public office for life (*id*.). He is seeking $1,000,000 in compensatory damages, assistance in modifying the law, and an injunction barring the swearing in of all elected officials until the law has been reviewed (*id*. at 3, 5).

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

The plaintiff brings suit against the State of South Carolina; however, the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the state or its integral parts. *See Alden v. Maine*, 527 U.S. 706, 713 (1999) (stating that immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments"); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996) (holding that the Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); *Blatchford v. Native Vill. of Noatak and Circle Vill.*, 501 U.S. 775, 786 (1991) (holding that Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State consents to suit[1] or Congress exercises its power under § 5 of the Fourteenth Amendment to override that immunity. Congress did not add language to 42 U.S.C. § 1983 indicating that

---

[1] The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

it overrides the Eleventh Amendment. Therefore, the State of South Carolina is immune from suit in this action pursuant to the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **The plaintiff's attention is directed to the important notice on the next page.**

July 13, 2016                                              s/ Kevin F. McDonald
Greenville, South Carolina                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).